LAWRENCE SHEARY, RESPONDENT, v. GEORGE W. ADAMS, APPELLANT.

*Chapter 345 of 1860 — does not relieve a tenant from the duty of making ordinary repairs.*

Chapter 345 of 1860, authorizing tenants to abandon premises if they become untenantable, does not affect the common law rule requiring tenants to make ordinary repairs, and if through the tenant's neglect to make such repairs the premises become untenantable, he cannot abandon them under the said act.

APPEAL from a judgment of the County Court of Rensselaer county in favor of the plaintiff, entered upon a verdict directed by the court in an action brought for the recovery of rent.

The defendant had appealed to the County Court from a judgment recovered by the plaintiff in a justices' court.

On the 24th day of December, 1874, the plaintiff, as landlord, and Stephen Mayhew, as tenant, entered into a written lease for the occupation of certain premises in Troy, N. Y., at a fixed rent.

The lease was in an ordinary form, except as to the following provision :

" And the said party of the first part hereby agrees to keep roof of the premises mentioned herein in good and suitable repair, so as not to affect the business of the said party of the second part."

The defences were :

1st. That the roof was not kept in repair, as provided for in said lease.

2d. That there was an eviction in law.

*Wooster & Averill*, for the respondent.

*John H. Colby*, for the appellant.

BOARDMAN, J.:

Adams, as surety upon Mayhew's ⌐ease for the payment of rent, could make any defence to this action which Mayhew could make. If the plaintiff failed to perform his contract contained in the lease,

to keep the roof of the building in good repair, such failure, *per se*, would not constitute a defence. If the property, for such reason, became untenantable, Mayhew could abandon the premises, and from that time would not be liable to pay rent. There is no evidence that the building became untenantable on account of the leaks in the roof. He continued to occupy the house until at least the 7th December, 1876, and according to some of the evidence till January, 1877. The condition of the roof did not justify his abandonment of the premises, and it does not appear that Mayhew left on that account. So, that in such view of the case, Mayhew was liable for the rent up to the 1st day of January, 1877, at least.

But if he had suffered from the plaintiff's breach of his contract to repair the roof, he had two remedies, either to do the necessary repairs himself and off-set the costs against the rent, or to show the difference in value between the premises as they were, and as they would have been if properly repaired. Such difference of value would have been damages which could have been set up by way of counter-claim.

Mayhew did not see fit to make the repairs himself. He has, however, undertaken to set up in his answer his damages by way of counter-claim, but the case is wholly devoid of any evidence upon which damages can be allowed to him. (*Cook* v. *Soule*, 56 N. Y., 420; *Shallies* v. *Wilcox*, 2 Hun, 419.)

Some considerable evidence was given tending to show damages arising from other sources than the leaky roof. Such damages, if they existed, could not be available by way of counter-claim so long as Mayhew continued to occupy the premises. The leakage from the privy vault was not covenanted against by the plaintiff in the lease, and it is not pretended that plaintiff in any way interfered with the premises so as to deprive Mayhew of their enjoyment. Hence these defects do not constitute a counter-claim as against the rent. (*Edgerton* v. *Page*, 20 N. Y., 281; *Ogilvie* v. *Hull*, 5 Hill, 52.)

The Law of 1860, chapter 345, does not apply to a case like the present, and does not justify an abandonment by the tenant upon the ground that the building had become untenantable without his fault or negligence. That statute does not affect the common law rule requiring the tenant to make ordinary repairs.

(*Suydam* v. *Jackson*, 54 N. Y., 450; *Johnson* v. *Oppenheim*, 55 id., 281.)

After consideration of all the objections urged by the appellant, we think the judgment is correct and should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.